UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPENCER et al., <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY, <br><br> Defendant. | CASE NO. 2:25-cv-00204-TMC <br><br> ORDER CONSOLIDATING CASES |
| WAVERLY HILLS CLUB INC., <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY, <br><br> Defendant. | |

This matter comes before the Court during review of 2:25-cv-00204-TMC *Spencer et al. v. King County* and 3:25-cv-05137-TMC *Waverly Hills Club Incorporated v. King County*. Having reviewed the complaints and the balance of the records in the above-captioned matters, the Court CONSOLIDATES both actions for purposes of discovery and pretrial motions.

Under Federal Rule of Civil Procedure 42(a), a court may consolidate "actions before the

ORDER CONSOLIDATING CASES – 1

court [that] involve a common question of law or fact." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). A court may consolidate actions sua sponte. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court . . . and trial courts may consolidate cases sua sponte.").

Here, Plaintiffs in each case—the Spencers and the Club—are represented by the same attorney and challenge similar actions. Both own property along a recreational trail located in a former rail corridor along the eastern side of Lake Sammamish. Dkt. 1-1 ¶ 11–12 (*Waverly*); Dkt. 1 ¶ 5 (*Spencer*). The Club challenges the rights of King County to exclude the Club from using or charging fees for the Club's use of the corridor. Dkt. 1-1 ¶¶ 1–3, 22, 26–27 (*Waverly*). Similarly, the Spencers challenge King County's right to exclude their use of the Corridor. Dkt. 1 ¶¶ 1–2, 5, 71–82 (*Spencer*). The Spencers argue that the County's easement over the corridor does not allow the County to assert exclusive control of the entire right of way or preclude the Spencers' use. *Id.* ¶¶ 71–82. Thought the Plaintiffs rely on different statutes to support their claims, they both challenge the bounds of the County's authority and powers over the land. Dkt. 1-1 ¶ 15, 17 (*Waverly*); Dkt. 1 ¶¶ 2, 31, 72 (*Spencer*).

The cases thus share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, consolidating the cases would serve "judicial economy," "expedite resolution of the case," and avoid "inconsistent results." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed., Apr. 2022 Update).

Accordingly, the Court hereby ORDERS:

- 2:25-cv-00204-TMC *Spencer et al v. King County* and 3:25-cv-05137-TMC *Waverly Hills Club Incorporated v. King County* are CONSOLIDATED for

discovery and pretrial motions. The Court will consider whether to consolidate for trial at a later point.

- All future filings in this consolidated action must be filed under case number 2:25-cv-00204-TMC, with the following caption: *Spencer et al v. King County,* 2:25-cv-00204-TMC.

- The Clerk is DIRECTED to administratively close *Waverly Hills Club Incorporated v. King County*, 3:25-cv-05137-TMC.

Dated this 12th day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER CONSOLIDATING CASES – 3